UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

PREM NATH,

      Debtor.
-------------------------------------------------------------X

PREM NATH,

      Appellant,

   -v-

SELECT PORTFOLIO SERVICING, INC.,

      Appellee.

No. 15-CV-3694 (KMK)

In re:

PREM NATH,

      Debtor.
-------------------------------------------------------------X

PREM NATH,

      Appellant,

   -v-

SELECT PORTFOLIO SERVICING, INC.,

      Appellee.

No. 16-CV-2032 (KMK)

OPINION & ORDER

Appearances:

Prem Nath
Blauvelt, NY
*Pro Se Debtor-Appellant*

Casey B. Howard, Esq.
Locke Lord Bissell & Liddell LLP
New York, NY
*Counsel for Appellee*

KENNETH M. KARAS, District Judge:

This Opinion addresses two more attempts by Appellant Prem Nath ("Nath" or "Appellant") to avoid the effects of his default on a promissory note and mortgage he signed almost 20 years ago with respect to real property located at 12 John Calvin Street in Blauvert, New York (the "Subject Property"). Pending before the Court are two appeals from orders entered by Judge Robert J. Drain of the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); one denying Nath's motions for an extension of the automatic stay and for sanctions in his Chapter 7 bankruptcy case, (14-BK-23714), docketed as No. 15-CV-3694, and the other denying Nath's motion to vacate the foreclosure sale of the Subject Property in his Chapter 13 bankruptcy case (15-BK-23531), docketed as No. 16-CV-2032.

I. Factual and Procedural Background

The Court assumes the Parties' familiarity with the facts, and as the Court is fully familiar with them from other cases Appellant has filed, what follows is an abbreviated history of the factual background and procedural history relevant to the instant appeals.[1]

On December 12, 2014, prior to the sale of the Subject Property, Appellant filed a pro se bankruptcy petition under Chapter 7 (the "Third Bankruptcy"). (*See* Dkt. No. 1 (14-BK-23714 Dkt.); *see also* Att'y Decl. of Casey B. Howard in Supp. of U.S. Bank Trustee's Appellee Br. ("Howard Decl.") Ex. 10 (Dkt. No. 7) (requesting that the foreclosure referee cancel the foreclosure sale of the Subject Property).) Shortly after filing the Third Bankruptcy, Appellant

---

[1] A comprehensive account of the factual and procedural history of this case can be found in the Court's prior Opinions. *See Nath v. Select Portfolio Serv., Inc.*, No. 15-CV-8183, 2017 WL 782914 (S.D.N.Y. Feb. 28, 2017); *Nath v. JPMorgan Chase Bank, N.A.*, No. 15-CV-3937, 2016 WL 5791193 (S.D.N.Y. Sept. 30, 2016). Terms defined in the Court's prior Opinions maintain those definitions herein.

2

submitted a motion to extend the automatic stay (the "Automatic Stay Motion"), (*see* Dkt. No. 8 (14-BK-23714 Dkt.)), and later a motion for sanctions against Select Portfolio Servicing, Inc. ("SPS"), and its attorneys (the "Sanctions Motion"), (*see* Dkt. No. 15 (14-BK-23714 Dkt.)).[2] On April 13, 2015, after oral argument on both motions, the Bankruptcy Court granted the Automatic Stay Motion as to all creditors except U.S. Bank, and denied the Sanctions Motion (the "April 13, 2015 Decision"). (*See* Howard Decl. Ex. 18 ("April 13, 2015 Decision"); *see also* Howard Decl. Exs. 17, 19.) Nath appealed the April 13, 2015 Decision, and this appeal is one of the subjects of this Opinion. (*See* Dkt. No. 1 (15-CV-3694 Dkt.).)

On October 21, 2015, Nath filed yet another bankruptcy petition, this one under Chapter 13 (the "Fourth Bankruptcy"). (*See* Dkt. No. 1 (15-BK-23531 Dkt.).) The following day, U.S. Bank filed an emergency lift stay motion to permit it to proceed with a foreclosure sale of the Subject Property that was scheduled for October 26, 2015. (*See* Dkt. No. 5 (15-BK-23531 Dkt.).) The Bankruptcy Court granted the motion over Nath's objection and an order lifting the automatic stay was entered by the Bankruptcy Court on October 26, 2015. (*See* Dkt. No. 15 (15-BK-23531 Dkt.).) Later that day, the State Court-appointed referee, Ira Emanuel, conducted an auction to sell the Subject Property pursuant to the State Court Foreclosure Judgment (the "Foreclosure Sale"). (*See* U.S. Bank Tr.'s Appellee Br. 5 (Dkt. No. 6) (16-CV-2032 Dkt.).) On January 15, 2016, Nath filed a motion to vacate the Foreclosure Sale (the "Motion To Vacate"), (*see* Dkt. No. 36 (15-BK-23531 Dkt.)), which the Bankruptcy Court denied in a bench ruling on

---

[2] Although Appellant filed the Automatic Stay Motion and Sanctions Motion while representing himself, David Singer, Esq., filed a Notice of Appearance on Appellant's behalf shortly thereafter. (*See* Dkt. No. 11 (14-BK-23714 Dkt.).)

3

February 10, 2016, (*see* Dkt. No. 42 (15-BK-23531 Dkt.)).  Nath appealed that decision, and this appeal is one of the subjects of this Opinion.  (*See* Dkt. No. 1 (16-CV-2032 Dkt.).)

## II.  Discussion

### A.  Standard of Review

District courts have jurisdiction to review "final judgments, orders, and decrees" of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1).  *See Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 700 (S.D.N.Y. 2014); *In re Josephson*, No. 09-CV-3371, 2010 WL 3937297, at *1 (E.D.N.Y. Sept. 30, 2010).  A district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo.  *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the [b]ankruptcy [c]ourt's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (citation and italics omitted)); *In re Enron Corp.*, 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error." (italics omitted)).

Under the clear error standard, "[t]here is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence," and a reviewing court will not upset a factual finding "unless [it is] left with the definite and firm conviction that a mistake has been made."  *Travellers Int'l A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) (first alteration in original) (internal quotation marks omitted); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)); *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003) (stating that an appellate court should

4

not overturn a trial judge's choice "between permissible competing inferences"). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Travellers Int'l*, 41 F.3d at 1574–75 (internal quotation marks omitted); *see also UFCW Local One Pension Fund v. Enivel Props., LLC*, 791 F.3d 369, 372 (2d Cir. 2015) (same); *In re CBI Holding Co., Inc.*, 419 B.R. 553, 563 (S.D.N.Y. 2009) ("In reviewing findings for clear error, [an appellate court] is not allowed to second-guess . . . the trial court's . . . choice between competing inferences. Even if the appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous." (alterations in original) (internal quotation marks omitted)).

B.  Analysis

    1.  Bankruptcy Appeal No. 15-CV-3694

In the first of his two bankruptcy appeals, Appellant challenges the Bankruptcy Court's April 13, 2015 Decision denying (1) his motion for an extension of the automatic stay and (2) his motion for sanctions and attorneys' fees. (*See* Not. of Appeal 1 (Dkt. No. 1).)[3]

    a.  Automatic Stay Motion

The Bankruptcy Court granted Nath's Automatic Stay Motion as to all creditors except U.S. Bank. (*See* April 13, 2015 Decision 27.) With respect to U.S. Bank, Judge Drain concluded that Nath's Chapter 7 filing once more asked the Bankruptcy Court to "review and act, in effect, as a Court of Appeal with regard to the prior foreclosure judgment obtained in the State Court on the basis that Chase was not a proper party to have sought such relief." (*Id.*) As such, Nath failed to "establish[] by a preponderance of the evidence that the . . . case [was] being

---

[3] Unless otherwise noted, citations in this section are to Dkt. No. 15-CV-3694.

5

pursued in good faith as to the foreclosure action," because "it would be an improper use of the Code to delay the ability of U.S. Bank to enforce its State Law rights in respect of that judgment in this Court over that issue." (*Id.* at 23, 27.) Appellant's arguments on appeal are prolix and unclear. (*See generally* Dkt. Nos. 2, 6, 8.) Once again, Appellant's principal argument appears to be that the Bankruptcy Court erred in denying this segment of his Automatic Stay Motion "because of extensive evidence of fraud" in his case. (Appellant's Br. for Appeal to District Court Against Bankr. Court's Decision ("Appellant's Br. 15-CV-3694") 1–2 (Dkt. No. 6).)

"Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition 'operates as a stay, applicable to all entities, of' most actions against the debtor, the debtor's property, and property of the bankruptcy estate." *In re Weil*, No. 12-CV-462, 2013 WL 1798898, at *2 (D. Conn. Apr. 29, 2013) (quoting 11 U.S.C. § 362(a)). The provision "is one of the fundamental debtor protections provided by the bankruptcy laws, designed to relieve the financial pressures that drove [the] debtors into bankruptcy" by "afford[ing] [the] debtors a breathing spell from the collection process and enabl[ing] them to attempt a repayment or reorganization plan to satisfy existing debt." *E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998) (alteration and internal quotation marks omitted); *see also Koutsagelos v. PII SAM, LLC*, No. 12-CV-1703, 2013 WL 2898120, at *3 (E.D.N.Y. June 13, 2013) (same).

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act, which was "intended as a comprehensive reform measure to curb abuses and improve fairness in the federal bankruptcy system." *Ct. Bar Ass'n v. United States*, 620 F.3d 81, 85 (2d Cir. 2010). "One such reform—aimed at deterring abuses by serial filers—was the addition of

6

[§§] 362(c)(3) and (4), which prescribe conditions under which the stay under [§] 362(a) either terminates early or does not arise automatically." *In re Weil*, 2013 WL 1798898, at *2. Subsection (c)(3), the relevant subsection here, provides,

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under [C]hapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than [C]hapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case; [but]
> >
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period *only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed*[.]

11 U.S.C. § 362(c)(3) (emphasis added).

Courts have generally held that a party in interest must file a motion to extend the stay, *and* the motion must be granted, before the expiration of the 30 days provided for in § 362(c)(3). *See, e.g.*, *In re Weil*, 2013 WL 1798898, at *3 (collecting cases). However, "[s]ome courts, recognizing the injustice that may result from rigid application of [§] 362(c)(3), have exercised their inherent equitable powers under 11 U.S.C. § 105(a) to reimpose the automatic stay even after it has lapsed due to the debtor's failure to satisfy [§] 362(c)(3)'s requirements." *Id.* at *3 n.1; *see also In re Furlong*, 426 B.R. 303, 308 (Bankr. C.D. Ill. 2010) ("[W]here the debtor files a motion within 30 days of the petition, but the issue is not adjudicated within that time period, the stay terminates on the 30th day, but the court retains the ordinary judicial power to thereafter

7

conduct and complete a hearing, to permit discovery, to request briefing, to render a decision on the merits, and even . . . to reconsider and reverse an earlier ruling.").[4]

The Court agrees with Judge Drain that Appellant failed to establish by a preponderance of the evidence that the pertinent bankruptcy filing was made in good faith as to U.S. Bank.[5] "Courts have . . . created a test to assess good faith under § 362(c)(3) in the context of a motion to reimpose the automatic stay." *In re Ajunwa*, No. 11-BK-11363, 2012 WL 3820638, at *5 (Bankr. S.D.N.Y. Sept. 4, 2012). The relevant factors are "draw[n] [from] prior cases interpreting the phrase 'good faith'" in other contexts of the Bankruptcy Code. *In re Montoya*, 333 B.R. 449, 457 (Bankr. D. Utah 2005). Courts should look to the totality of the circumstances, *see In re Ferguson*, 376 B.R. 109, 119, 124–25 (Bankr. E.D. Pa. 2007); *In re Elliott-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006), which include (1) whether the debtor misrepresented facts in the plan; (2) the debtor's history of filings and dismissals; (3) whether the

---

[4] There are certain conditions that, if present, will trigger a rebuttable presumption that the case was filed in bad faith, which can only be overcome if the debtor provides clear and convincing evidence of good faith. *See* 11 U.S.C. § 362(c)(3)(C). "Where no presumption of bad faith arises under [§] 362(c)(3)(C), the party seeking to extend the automatic stay is required to affirmatively 'demonstrate' that the case is filed in good faith as to the creditors to be stayed." *In re Warneck*, 336 B.R. 181, 186 (Bankr. S.D.N.Y. 2006).

[5] Some cases indicate that the sale of Appellant's house could moot this issue.

> To the extent the stay is terminated by the court as to a particular creditor, that creditor may proceed to collect on his or her debt. Even if an appeal is filed, the creditor may proceed. Furthermore, if the collection process results in a sale of property, the appeal becomes moot. The only way the debtor can avoid this situation is by obtaining a stay pending appeal.

*In re Strawberry Square Assocs.*, 152 B.R. 699, 701 (E.D.N.Y. 1993) (citations omitted); *see also Constructivist Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000) ("Once the property was sold, [the] [a]ppellant's challenge to the bankruptcy court's ruling to terminate the automatic stay became moot."); *In re Minh Vu Hoang*, No. 13-CV-2637, 2014 WL 1125371, at *2 (D. Md. 2014) (same), *but see In re Gucci*, 126 F.3d 380, 389 (2d Cir. 1997) (finding that to the extent

8

debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present, *In re Ajunwa*, 2012 WL 3820638, at *6; *see In re Montoya*, 342 B.R. 312, 317 (Bankr. S.D. Cal. 2006) (same); *see also In re Lombardo*, 370 B.R. 506, 511–12 (Bankr. E.D.N.Y. 2007) (listing 14 factors that courts consider in determining whether "there is a lack of good faith in a debtor's bankruptcy filing," including whether "[t]he debtor filed in response to a judgment, pending litigation[,] or collection action").

Applying these factors to this case, it is clear that Appellant was not acting in good faith in filing his Chapter 7 petition. Indeed, as Judge Drain concluded, "the focus of [Nath's] efforts is to not have the mortgage and foreclosure judgment enforced on his house," (April 13, 2015 Decision 11), which is not the proper purpose of a Chapter 7 filing, *see In re Wally Findlay Galleries (N.Y.), Inc.*, 36 B.R. 849, 851 (Bankr. S.D.N.Y. 1984) (dismissing petition for cause where the debtor "[sought] to use th[e] court as an appellate forum to review the state court's grant of summary judgment"); *In re Blumenberg*, 263 B.R. 704, 716 (Bankr. E.D.N.Y. 2001) (dismissing Chapter 7 case for bad faith where the debtor "abused the bankruptcy process by admittedly seeking to invoke the jurisdiction of this [c]ourt primarily for the purpose of attacking [a] state court judgment"); *cf. In re Anjuwa*, 2012 WL 3820638, at *5 (finding no bad faith because the debtors were not debtors "that repeatedly file[d] to prevent a mortgagee from foreclosing on collateral"). Appellant's filings before this Court only reinforce the conclusion that the he is using his Chapter 7 filing to attack the State Court Foreclosure Judgment as his papers are replete with arguments as to the validity of that judgment. (*See, e.g.*, Statement of Issues and Designation of Record on Appeal 3 (Dkt. No. 2) ("[U]nder New York state law[,]

---

the appellant puts the good faith of the purchaser at issue, the appeal is not moot).

Plaintiff Chase Bank lacked standing on filing date June 19, 2001 . . . [and] [t]herefore [the State Court] had no jurisdiction in th[is] case . . . [and its] decision . . . is null [and] void as a matter of law."). As both Judge Drain and this Court have ruled multiple times in both bankruptcy cases and civil actions filed by Nath, his concerns about the soundness of the State Court Foreclosure Judgment are appropriately raised and pursued in the State Court and not—as is relevant for purposes of this appeal—a Chapter 7 petition. *Cf. In re Caliguri*, 431 B.R. 324, 328 (Bankr. E.D.N.Y. 2010) (allowing a Chapter 7 debtor to avoid a mortgage lien, which would result in extinguishing the creditor's in rem rights against the property "would be contrary to a primary purpose of Chapter 7, which is to give the debtor a fresh start, but not a head start"). Accordingly, the Court affirms the judgment of the Bankruptcy Court as to the Automatic Stay Motion.

b.  Sanctions Motion

The Bankruptcy Court denied Nath's Sanctions Motion on two grounds. First, Judge Drain found that "the entire motion [wa]s asserting claims that belong, if they exist, to the Chapter 7 Trustee and the bankruptcy Estate, and consequently Dr. Nath [did not] have standing to bring them." (April 13, 2015 Decision 43.) Second, the Bankruptcy Court found "as to the alleged sanctionable conduct . . . in the Chapter 13 case . . . there [wa]s not a basis to conclude that counsel for U.S. Bank acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or without color of law." (*Id.* at 43.)

On appeal, Appellant asserts that the Bankruptcy Court "misinterpreted/misapplied the law when it stated that no sanctionable conduct occurred in this case" and that "crime was ignored," (Appellant's Br. 15-CV-3694, at 4), but Appellant does not present any arguments in

response to the Bankruptcy Court's finding that Appellant lacked standing to bring such claims, (April 13, 2015 Decision 43). Rather, Appellant, once again, repeats arguments that the State Court, the Bankruptcy Court, and this Court have each rejected. (*See, e.g.*, Appellant's Br. 15-CV-3694, at 4 ("Chase Bank had no standing on the date of [the] filing [of the foreclosure complaint]"); *id.* at 5 (alleging "attorney affidavit [was not] updated" per the rules of professional conduct and failure to do so constituted "perjury"); *id.* ("[The] Debtor's signatures do not match in different copies of [the] same mortgage note."); *id.* at 6 (alleging Locke Lord attorney provided "material[ly] false testimony to the court"); *id.* at 8 (alleging "patently false" statements in the affidavit of Gina Tolman"); *id.* at 11 (claiming existence of a "text[]book case of fraud" and that "documents were manufactured"); *id.* at 12 ("[I]nformation was with[]held from state court to deceive . . . ."); *id.* at 13 (asserting information was "kept secret from [the state] court to mislead that court for 10 years").)

The Court will not again adjudicate the merits of these claims. Most recently, the Court rejected these arguments as barred by the *Rooker-Feldman* doctrine and collateral estoppel, and as otherwise baseless. *See Nath v. Select Portfolio Serv., Inc.*, No. 15-CV-8183, 2017 WL 782914, at *8–9, *11, *13 (S.D.N.Y. Feb. 28, 2017). Appellant's instant briefing offers nothing that casts doubt on the Court's prior findings.

Furthermore, the Court agrees with Appellee that in the absence of any alleged harm or injury separate and apart from the relief sought in the underlying action, Appellant is not entitled to sanctions. *See In re Sturman*, No. 10-CV-6725, 2011 WL 4472412, at *5 (S.D.N.Y. Sept. 27, 2011) ("[G]iven the absence of actual damages, the [b]ankruptcy [c]ourt did not err [in denying the motion for sanctions]."); *In re Tarone*, 434 B.R. 41, 53 (Bankr. E.D.N.Y. 2010) ("[T]he

[d]ebtor's claim for sanctions . . . must be denied because he has not alleged, nor established, that he suffered damages.").

Most perplexing to the Court is Appellant's statement that the "[f]raudulent illegal conduct of Casey Howard & SPS caused prolonged litigation for [Appellant]." (Appellant's Br. 15-CV-3694, at 10.) As this Court has previously found, the record does not remotely support evidence of fraud on the part of SPS or Locke Lord attorneys (or any entity connected to the foreclosure, for that matter). *See generally Nath v. Select Portfolio Serv., Inc.*, 2017 WL 782914; *Nath v. JPMorgan Chase Bank, N.A.*, No. 15-CV-3937, 2016 WL 5791193 (S.D.N.Y. Sept. 30, 2016). (*See also* Howard Decl. Ex. 15, at 39.) But aside from the fact that the Court has rejected such arguments in Appellant's plethora of proceedings, it is *Appellant* who has prolonged this litigation by filing no less than four bankruptcy petitions and multiple civil actions before this Court. Both the Bankruptcy Court and this Court have cautioned Appellant about his own exposure to sanctions and while the Court finds such sanctions are not warranted at this time, it affirms the Bankruptcy Court's ruling on Appellant's Sanctions Motion.

### 2. Bankruptcy Appeal No. 16-CV-2032

In the second pending appeal, Appellant challenges Judge Drain's decision denying his Motion To Vacate the State Court Foreclosure Sale. (*See* Not. of Appeal (Dkt. No. 1).)[6] As detailed above, after Nath filed the Fourth Bankruptcy, U.S. Bank sought, and was granted, an order lifting the automatic stay. (*See* Dkt. No. 15 (15-BK-23531 Dkt.).) The express purpose of the order lifting the automatic stay was to "allow [U.S. Bank's] enforcement of its rights in, and remedies in and to, the [Subject] Property." (*Id.* at 1.)

---

[6] Unless otherwise noted, citations in this section are to Dkt. No. 16-CV-2032.

12

On appeal, Appellant raises what appear to be 10 arguments as to why this Court should "reverse [the] [e]ntire decision of [the] [B]ankruptcy [C]ourt . . . denying [D]ebtor's motion to vacate [the] lift stay order and foreclosure sale." (Debtor's Aff. & Br. Appealing Bankr. Court's Decision ("Appellant's Br. 16-CV-2032") 14 (Dkt. No. 5).) Among the reasons Appellant cites are misunderstanding of the law in connection with the sale of the property, misinterpretation of multiple federal civil and penal statutes, and violations of New York law. (*See generally id.*)

All of Appellant's arguments as to the merits of this appeal are grounded in claims that have been rejected by all of the various courts that have heard them. (*See, e.g.*, *id*. at 2 ("[E]ntity 'Chase Manhattan Bank' . . . lost its banking license in . . . 2000"); *id.* ("Auctioning of [a] home to pay off debt falls under [the] federal [F]air [D]ebt [C]ollection [P]ractices [A]ct"); *id.* at 3 ("[F]alse advertisement with regard to [the] identity of [a] debt collector is prohibited under [15 U.S.C. § 1692f]."); *id.* at 4 (arguing in connection with violation of 15 USC § 1692k that "Chase Manhattan Bank . . . did not exist because it did not have a[] banking license"); *id.* (arguing the "Bankruptcy Court misinterpreted . . . 18 U.S.C. [§] 709" because the "[n]otice of sale advertised the name of [a] non[]exist[ent] federal bank"); *id.* at 5 ("SPS . . . [and] [its] attorneys have violated civil [and] criminal federal statutes outlined in this brief in the process of public house sale . . . ."); *id.* at 6 (alleging SPS and Locke Lord "violat[ed] . . . [Uniform Commercial Code provision] 9-611(e)" because the "[n]otice of sale for the house only included the name . . . 'Chase Manhattan Bank' [and] this bank did not exist"); *id.* at 7 (arguing Locke Lord attorney and SPS violated 18 U.S.C. §§ 1001 and 1005 when they "knowingly made false statements in the notice of sale"); *id.* at 8–9 (asserting SPS and Locke Lord violated New York General Obligations Law §§ 349 and 350 by "using the name of dead bank 'Chase Manhattan Bank'").)

13

As this Court has noted (on several occasions), "the issue of Chase's standing to foreclose on the Loan was necessarily decided by the State Court when it issued the Foreclosure Judgment."  *Nath v. Select Portfolio Serv., Inc.*, 2017 WL 782914, at *6; *see also Nath v. JPMorgan Chase Bank, N.A.*, 2016 WL 5791193, at *9 ("Nath's quiet title claims are thus barred by *Rooker-Feldman*, 'as [they] directly challenge[ ] the validity of the [State Court Foreclosure Judgment] by arguing [Private] Defendants lacked standing in that suit and, therefore, the state court judgment should be voided.'").  To the extent Appellant's arguments that the Bankruptcy Court erred in denying his motion to vacate are based on Chase's lack of standing in the Foreclosure Action, those claims are dismissed.  Once more, the Court notes that "U.S. Bank, as an indentured trustee, is a successor-in-interest to the Mortgage and Note."  *Nath v. Select Portfolio Serv., Inc.*, 2017 WL 782914, at *10.

Appellant's arguments concerning violations of the Fair Debt Collection Practices Act ("FDCPA"), 18 U.S.C. § 709, and claims against Locke Lord, have similarly been addressed and dismissed as without merit in prior proceedings.  *See Nath v. Select Portfolio Serv., Inc.*, 2017 WL 782914, at *11 (dismissing Nath's FDCPA's claim for failure to state a claim); *id.* at *12 (holding "no private right of action exists" under 18 U.S.C. § 709); *id.* at *13 (dismissing Nath's claims against Locke Lord because "each of [Nath]'s claims against Locke Lord is borne from his discontent with his losses in previous proceedings").

Appellant additionally requests that this Court "rule that [the] [B]ankruptcy [C]ourt overstepped its authority to state that [it] [would] fine [D]ebtor . . . if he brings any more motion[s] . . . ."  (Appellant's Br. 16-CV-2032, at 14.)  The Court will not do so.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that

14

is necessary or appropriate to carry out the provisions of this title" by "making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "This language is sufficiently broad to empower the bankruptcy court to award sanctions in conjunction with its inherent powers discussed in [§ 105]." *In re Spectee Grp., Inc.*, 185 B.R. 146, 155 n.15 (Bankr. S.D.N.Y. 1995). And, given Appellant's contumacious and vexatious litigation to avoid a court-ordered foreclosure, this Court is not at all troubled by Judge Drain's comments about sanctions in this case.

Accordingly, the Court denies Appellant's appeal and affirms the order of the Bankruptcy Court denying Nath's Motion To Vacate.

### III. Conclusion

For the foregoing reasons, both appeals are denied and the orders of the Bankruptcy Court are affirmed. The Clerk of Court is respectfully requested to close these cases. (Nos. 15-CV-3694; 16-CV-2032.)

SO ORDERED.

Dated: March 31, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE